IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KATHEREN RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 1:10-CV-1 TS |

Before the Court is Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment.[1] Specifically, Defendant argues that Plaintiff has failed in her duty to procure evidence that Defendant had actual or constructive notice of the temporary condition that allegedly caused Plaintiff to fall or an opportunity to remedy the condition after having notice.

Having considered the Motion, the Court enters the following Order.

---

[1]Docket No. 11.

1

## I. BACKGROUND

Plaintiff Katheren Rodriguez filed this action in state court in December of 2009, seeking relief for injuries she incurred allegedly as a result of Defendant's negligent failure to maintain its stores in a safe condition for its patrons. This case was moved to this Court on December 5, 2010.

The following facts are undisputed. On the afternoon of July 16, 2009, Plaintiff went with her aunt to the Wal-Mart store in Harrisville, Utah to fill her aunt's prescription and assist with grocery shopping. While there, as Plaintiff was walking between two freezer bins toward the meat section, she slipped on orange liquid on the floor. Plaintiff believes the substance was either orange juice or orange soda and describes the liquid as several circular drops that were two inches in diameter.

Neither Plaintiff nor any Wal-Mart employee has been able to testify as to how long the drops were on the floor prior to Plaintiff's accident. Plaintiff testified that she did not know how long the orange liquid had been on the floor, how the orange drops arrived on the floor, or whether any Wal-Mart employees knew about the orange liquid on the floor prior to the occurrence. James Harris, a Wal-Mart employee who inspected the area after the fall, testified by affidavit that the orange drops of liquid appeared fresh and that there was no tracking through the area or drying around the edges of the drops. Mr. Harris further testified by affidavit that he did not see any open containers or cups on the floor and that he had not been notified by anyone of the spill prior to Plaintiff's accident.

Defendant filed its Motion for Summary Judgment on November, 11, 2010. Plaintiff filed her initial response on November 30, 2010. In her initial response to Defendant's Motion for Summary Judgment,[2] Plaintiff did not dispute the facts presented in Defendant's Motion. Instead, Plaintiff argued that she is entitled to conduct further discovery in order to establish her case. The Court liberally construed this argument as a request for relief under Fed.R.Civ.P. 56(d). The Court rejected this request on January 26, 2011, and ordered Plaintiff to file an amended response within 20 days of the Court's Order.[3] Plaintiff has yet to file an amended response and the time allowed by the Court has long expired.

## II. LEGAL STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[4] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[5] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[6]

---

[2] Docket No. 11.

[3] Docket No. 17.

[4] *See* Fed.R.Civ.P. 56(a).

[5] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[6] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

"The standard is somewhat modified in an unopposed motion for summary judgment."[7] "[I]t is improper to grant a motion for a summary judgment simply because it is unopposed."[8] "It is the role of the court to ascertain whether the moving party has sufficient basis for judgment as a matter of law. In so doing, the court must be certain that no undisclosed factual dispute would undermine the uncontroverted facts."[9] The Court "must consider the plaintiff's . . . claim based on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party."[10]

### III. DISCUSSION

Defendant argues that it is entitled to judgment as a matter of law because Plaintiff cannot carry her burden to demonstrate that Defendant had actual or constructive notice of the temporary condition that allegedly caused Plaintiff to fall. Under Utah law, slip and fall claims are typically categorized into two types of claims: accidents resulting from a temporary unsafe condition and accidents resulting from a permanent unsafe condition.[11] A temporary unsafe condition "involves some unsafe condition of a *temporary* nature, such as a slippery substance on the floor

---

[7]*Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006). The Court notes that Plaintiff technically filed a response to Defendant's motion, but declined the opportunity to respond to the merits of the Motion.

[8]*E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[9]*Thomas*, 428 F. Supp. 2d at 1163 (citing *Lady Baltimore Foods*, 643 F. Supp. at 407).

[10]*Sanchez-Figueroa v. Banco Popular de Puerto Rico*, 527 F.3d 209 (1st Cir. 2008).

[11]*Schuphase v. Storehouse Markets*, 918 P.2d 476, 478 (Utah 1996).

and usually where it is not known how it got there."¹² A permanent unsafe condition "involves some unsafe condition of a *permanent* nature, such as: in the structure of the building, or of a stairway, etc. . . . which was created or chosen by the defendant (or his agents), or for which he is responsible."¹³

Here, as Plaintiff's claim involves the temporary presence of liquid on the floor of Defendant's premises, Plaintiff's claims fall under a temporary unsafe condition.

> To recover under a temporary unsafe condition theory, a plaintiff must show that (1) the defendant had knowledge of the condition, that is, either actual knowledge or constructive knowledge because the condition had existed long enough that he should have discovered it; and (2) after obtaining such knowledge, sufficient time elapsed that in the exercise of reasonable care he should have remedied it.¹⁴

Defendant argues that Plaintiff cannot carry her burden to demonstrate that Defendant had notice of the unsafe temporary condition. Defendant notes that in Plaintiff's deposition, she could not testify as to how long the liquid had been on the floor. The affidavit of Mr. Harris further demonstrates that Defendant had no knowledge of the spill and that there were no open or leaky containers or cups in the area where Plaintiff fell.

In its response to Defendant's Motion, Plaintiff does not dispute the facts presented in Defendant's Motion. Instead, Plaintiff argues that it is entitled to conduct further discovery in order to establish its case. The Court has rejected this request and provided Plaintiff an

---

¹²*Id.* (emphasis in original).

¹³*Id.* (emphasis in original).

¹⁴*Jex v. JRA, Inc.*, 196 P.3d 576, 580 (Utah 2008) (internal quotation marks and citations omitted).

opportunity to file an amended response by a date certain. That date has passed and Plaintiff has, to date, declined the Court's invitation to file an amended response.

From the Court's review of the evidence presented by Defendant, the Court can find no evidence that Defendant had knowledge of the unsafe temporary condition, or that such a condition was present for a sufficient time to charge Defendant with constructive notice of the condition. Plaintiff cannot, therefore, prevail on her claims against Defendant and the Court will grant Defendant's Motion for Summary Judgment.

## IV. CONCLUSION

It is therefore,

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 11) is GRANTED.

The Clerk of the Court is directed to close this case forthwith.

DATED   March 31, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge